UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRED FOX, et al.,

    Plaintiffs,

v.                                              CASE NO. 8:16-cv-3254-T-23MAP

STARR INDEMNITY &
LIABILITY COMPANY,

    Defendant.
_____/

## **ORDER**

On April 19, 2014, a vagrant torched a building co-owned by Robert and Fred Fox. The Foxes submitted a claim to Starr Indemnity & Liability Company, which insured the building under a policy that covered "fire loss." (*See* Doc. 2 at 41–90, the insurance policy) Dissatisfied with Starr's purported tardiness in tendering $1,057,192.56 (the building's estimated damage, according to the Foxes' contractor), on September 9, 2014, Fred Fox filed a "Civil Remedy Notice" with the Florida Department of Financial Services. (Doc. 2 at 93–95, the notice) In a response to the department, Starr argues that the notice fails to identify with specificity a violation of Florida law and fails to identify with specificity a policy term breached by Starr. (Doc. 2 at 96–97, Starr's response)

In accord with the contract's appraisal provision (Doc. 2 at 62), each party selected an appraiser, and the two appraisers selected an umpire. (Doc. 2 at ¶ 14)

On May 12, 2016, the appraisal panel awarded the Foxes $930,041.36 for the building's damage.  (Doc. 2 at ¶ 15)

Claiming that Starr violated fourteen duties imposed by Florida law, the Foxes sue (Doc. 2) Starr under Section 624.155 for bad faith.[1]  Starr moves (Doc. 4) to dismiss the bad-faith claims for failure to state a claim for relief and for the lack of particularity in a fraud allegation.[2]

## DISCUSSION

**1. To state a bad-faith claim, the plaintiff first must prevail on a breach-of-contract claim.**

Although Florida common law provides no cause of action for an insured's bad-faith claim against his insurer, Section 624.155 permits a first-party bad-faith claim.  The typical first-party bad-faith claim alleges that the insurer failed to pay timely the insured's demand or failed to investigate adequately the insured's claim.

But no matter how unfair the insurer's conduct, a respect for the parties' bargain precludes the judiciary's rewriting a contract to add a term not agreed by the parties.  As *QBE Ins. Corp. v. Chalfonte Condo. Ass'n, Inc.*, 94 So. 3d 541, 548 (Fla. 2012), explains:

> A duty of good faith must "relate to the performance of an express term of the contract and is not an abstract and independent term of a

---

[1] Although unclear, the complaint appears to violate Rule 10(b), which bars asserting more than one claim in a single count. *See Kennedy v. Bell South Telecomm.*, 546 Fed. Appx. 817, 819–20 (11th Cir. 2013) (explaining that Rule 10(b)'s "one-claim-per-count" requirement reduces confusion and permits a defendant to answer specifically each claim).

[2] Also, Starr moves to dismiss the action because the notice fails to comply with Section 624.155(3)(b).

> contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements."

94 So. 3d at 548 (quoting *Ins. Concepts and Design, Inc. v. Healthplan Serv's, Inc.*, 785 So. 2d 1232, 1235 (Fla. 4th DCA 2001) (per curiam) (internal citation omitted)). If an insured cannot allege success on a breach-of-contract claim, the insured's bad-faith claim must fail.[3] *See, e.g.*, *QBE Ins. Corp.*, 94 So. 3d at 548; *Progressive Am. Ins. Co. v. Rural/Metro Corp. of Florida*, 994 So. 2d 1202, 1207–08 (Fla. 5th DCA 2008) (Pleus, J.) ("There can be no cause of action for a breach of the implied covenant [of good faith] absent an allegation that an express term of the contract has been breached.") (citing *Snow v. Ruden et al.*, 896 So. 2d 787, 791–92 (Fla. 2d DCA 2005) (Casanueva, J.)).

Citing *Porcelli v. Onebeacon Insurance Co.*, 635 F.Supp.2d 1312 (M.D. Fla. 2008) (*Porcelli II*) and *Canales v. Am. Sec. Ins. Co.*, 2011 WL 5358753 (M.D. Fla. 2011), the Foxes argue that a bad-faith claim need not allege a breach of contract. But *Porcelli II* (on which *Canales* relies) "take[s] judicial notice" of *Porcelli I*, which holds that Onebeacon breached a contract with Porcelli. *Porcelli II*, 635 F.Supp.2d at 1315 (noticing the judgment in *Porcelli I*, 2:02-cv-303 (M.D. Fla. Sept. 20, 2005)). *Porcelli II* subverts the Foxes' argument.

Also, the Foxes cite *Cammarata v. State Farm Florida Ins. Co.*, 152 So. 3d 606 (Fla. 4th DCA 2014) (per curiam), which holds that an appraisal award entered

---

[3] Also, a bad-faith claim fails if the application of bad-faith "contravene[s] the express terms of the agreement." *QBE Ins. Corp.*, 94 So. 3d at 548 (internal citation omitted). Here, the policy provides that a party may demand an appraisal if the parties disagree about damages. (Doc. 2 at 62)

under an insurance policy might establish "liability." But *Cammarata* misapplies *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289 (Fla. 1991), which states that "a determination of . . . liability" must precede a bad-faith claim. *Blanchard*'s statement that a bad-faith claim must allege the earlier determination of liability means the earlier determination of liability for the defendant's breach of contract. And an award entered in accord with an appraisal provision fails to establish liability for a breach of contract. *See Hill v. State Farm Florida Ins. Co.*, 35 So. 3d 956, 959 (Fla. 2d DCA 2008) (Altenbernd, J.) ("[A]ppraisal is not a process to resolve a breach of contract claim . . . [a]ppraisal is a method of adjusting a claim within the terms of the insurance contract."). Rather than show a breach of contract, the payment of an appraisal award shows a defendant's compliance with a contract.

Without citing an earlier action or an arbitration that establishes Starr's liability for breach of contract, the complaint alleges that Starr's violation of fourteen duties purportedly imposed by Florida law "demonstrates Defendant's failure to comply in good faith with the terms and conditions of the [p]olicy." (Doc. 2 at ¶ 23) Because no facts support the conclusory allegation that Starr breached the contract, the bad-faith claims warrant dismissal under Rule 12(b)(6).

Also, the complaint fails to allege facts that show the violations of Florida law in ¶ 23. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that a claim must allege facts that effectively show the pleader's entitlement to relief).

**2. The fraud allegation violates Rule 9(b).**

A party must plead fraud with particularity. The Foxes allege that Starr "misrepresent[ed] and/or omi[tted] pertinent facts relating to the coverages" (Doc. 2 at ¶ 23) and argue that an attachment to the complaint "provide[s] the requisite particularity" (Doc. 7 at 11). But an attachment to a complaint is not a pleading. Unsupported by facts in the complaint, the conclusory allegation of fraud violates Rule 9(b).

## CONCLUSION

To state a bad-faith claim under Florida law, the plaintiff must allege success on a breach-of-contract claim. Because the complaint fails to allege that the Foxes prevailed on a breach-of-contract claim against Starr, the motion (Doc. 4) to dismiss is **GRANTED-IN-PART** and **RESERVED-IN-PART**. The bad-faith claims are **DISMISSED** for failing to state a claim for relief under Rule 12(b)(6) and for violating Rule 9(b)'s particularity requirement. Starr's request to dismiss the action because the notice fails to comply with Section 624.155(3)(b) is **RESERVED**.

No later than **JANUARY 27, 2017**, the plaintiffs may amend the complaint to resolve the defects identified by this order. Failure to amend timely will result in the dismissal of this action without further notice.

ORDERED in Tampa, Florida, on January 9, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE